IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL A. TORRES,<br><br>Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY[1],<br><br>Defendant. | CIVIL NO. 19-2003 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On October 23, 2019, Plaintiff Miguel A. Torres ("Plaintiff") filed the instant case challenging the final decision of Defendant Kilolo Kijakazi, the Commissioner of Social Security ("Defendant" or "Commissioner"), denying him disability benefits.

The issue before the Court today is the propriety of attorney's fees pursuant to a consent remand to the Social Security Administration for further administrative proceedings considering the United States Supreme Court cases of <u>Lucia v. S.E.C.</u>, 138 S. Ct. 2044, 201 L.Ed.2d 464 (2018) and <u>Carr v. Saul</u>, 141 S.Ct. 1352, 209 L.Ed.2d 376 (2021).

For the reasons explained below, the Court finds that the agency was substantially justified in its defense of this case and declines to award attorney's fees under the EAJA. Consequently, Plaintiff's "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (Docket No. 38) is DENIED.

---

[1] At the time this suit was filed, Andrew M. Saul was Commissioner of Social Security. On July 9, 2021, Kilolo Kijakazi became Acting Commissioner of said agency. Acting Commissioner Kijakazi is automatically substituted as a Defendant in this case. <u>See</u> Fed. R. Civ. P. 25(d).

Case 3:19-cv-02003-CVR   Document 46   Filed 08/11/21   Page 2 of 10

Miguel A. Torres v. Commissioner of Social Security
Opinion and Order
Civil 19-2003 (CVR)
Page 2
_____

## LEGAL ANALYSIS

On January 25, 2021, after the usual procedural history, Plaintiff filed his Memorandum of Law, arguing that a remand was appropriate for two reasons. First, the Administrative Law Judge ("ALJ") erred in the assessment of his mental condition and second, the ALJ had no valid constitutional authority to issue a decision according to Lucia. (Docket No. 29).

In Lucia, the Supreme Court granted *certiorari* to determine whether an ALJ in an enforcement proceeding before the Securities and Exchange Commission ("SEC") was an Officer of the United States within meaning of Appointments Clause and therefore, had to be appointed by the President or an agency head. The Supreme Court held that these ALJs were Officers of the United States because they had career appointments to a continuing office established by law and exercised significant discretion in carrying out important functions. The Supreme Court further found the ALJs had all the authority needed to ensure fair and orderly adversarial hearings and nearly all the tools of federal trial judges. It further concluded that the appropriate remedy for an adjudication tainted with an Appointment Clause violation was a new hearing before a properly appointed official. Important to the instant case, Lucia specifically ruled that a claimant was entitled to relief only if he/she made a timely administrative challenge to the ALJ's appointment.

Lucia concerned only ALJs from the SEC. However, as a precautionary measure, on July 16, 2018 then-Acting Commissioner of Social Security Nancy Berryhill reappointed the ALJs of the Social Security Administration, including both ALJs and Administrative Appeals Judges, under her own authority.

On April 22, 2021, after both parties filed their briefs, the Supreme Court decided Carr, which involved six petitioners whose Social Security disability petitions had been denied by an ALJ prior to Lucia. They challenged the outcome in federal court arguing that, according to the Lucia holding, they were entitled to a fresh administrative review by constitutionally appointed ALJs. In each case, the Court of Appeals held that consistent with Lucia, petitioners could not obtain judicial review because they failed to raise those challenges in their administrative proceedings. The issue then in Carr was whether it was appropriate to impose an exhaustion requirement on Social Security challenges to the appointments of its ALJ's who presided over the cases. The Supreme Court ruled that exhaustion was not required given the non-adversarial nature of Social Security disability benefits proceeding. The Supreme Court further determined that Social Security Administration ALJs had no special expertise on constitutional challenges of their appointments. Therefore, the Social Security ALJs had no ability to accord the claimants relief on these constitutional claims.

On May 11, 2021, the parties to this case agreed to a consent remand for further administrative action under sentence four of 42 U.S.C. §405(g) so a different ALJ could re-examine the issues presented and issue a new opinion. (Docket No. 35). The consent remand was granted, and Judgment was entered accordingly. (Docket Nos. 36 and 37).

On May 24, 2021, Plaintiff filed a "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (Docket No. 38) arguing that the government's position in this case was not substantially justified, as the agency was on notice since the Lucia decision that Social Security ALJ's were not constitutionally appointed. Plaintiff contends that,

Case 3:19-cv-02003-CVR   Document 46   Filed 08/11/21   Page 4 of 10

Miguel A. Torres v. Commissioner of Social Security
Opinion and Order
Civil 19-2003 (CVR)
Page 4
_____

because the Commissioner agreed to the remand, Plaintiff was the prevailing party and attorney fees in the amount of $8,210.10 are justified.

In the Commissioner's opposition, she posits that the agency was substantially justified in its litigation position of Plaintiff's Appointments Clause challenge in view of the unsettled law at the time of the administrative proceedings and when the case was litigated in federal court. The Lucia holding involved ALJs from the SEC and it was not until the Carr decision in April of 2021 that the Supreme Court clarified that no exhaustion was required for constitutional challenges to Social Security ALJs. As to the merits of the claims, the Commissioner contends that she had a reasonable basis in fact and law to defend the substantive issues raised in Plaintiff's brief. Finally, she proffers that, should the Court find that the agency's defense was not substantially justified, the hours sought by Plaintiff's counsel be reduced as they are unreasonable. (Docket No. 43).

Section 2412(d)(1)(A) of the EAJA establishes that "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The EAJA "is a fee-shifting statute that creates a right to attorney's fees in appropriate civil actions against the United States … [i]t's purpose is to ensure that individuals are not deterred from seeking review of unjustified governmental action." Rivera-Quintana v. Comm'r of Soc. Sec., 692 F. Supp. 2d 223, 225 (D.P.R. 2010) (*quoting* Perkins v. Astrue, 568 F.Supp.2d 102, 103 (D.Mass. 2008)).

Case 3:19-cv-02003-CVR   Document 46   Filed 08/11/21   Page 5 of 10

Miguel A. Torres v. Commissioner of Social Security
Opinion and Order
Civil 19-2003 (CVR)
Page 5
_____

Eligibility for a fee award in any civil action under the EAJA requires the following: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no special circumstances make an award unjust; and (4) that any fee application be submitted to the court within 30 days of final judgment, supported by an itemized statement as required by 28 U.S.C. § 2412(d)(1)(B); see also Comm'r I.N.S. v. Jean, 496 U.S. 154, 158, 110 S.Ct. 2316, 2328-29 (1990).

The first element is easily met here because the Supreme Court held that a plaintiff is the prevailing party in a sentence four remand such as the one in the case at bar. See Shalala v. Schaefer, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 2631-32 (1993).

It is in the second element that Plaintiff's request falters. "The Supreme Court has explained that for a government position to be 'substantially justified,' it must have 'a reasonable basis in law and fact' and be 'justified to a degree that could satisfy a reasonable person.'" McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989) (*quoting* Pierce v. Underwood, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2551 (1988)). The government has the burden of showing that its position was substantially justified. Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856 (2004); 28 U.S.C. § 2412(d)(1)(A)).

Plaintiff begins by stating that "the SSA's already heavy burden of proving substantial justification is even more daunting in this case due to the Agency's admitted violation of this claimant's constitutional rights". (Docket No. 45, p. 3). The Court is unclear how Plaintiff reached this sweeping conclusion because no citation was given by Plaintiff for this proposition. Plaintiff again mentions this in his discussion of the agency's judicial actions, where he states again that the agency knew this action was

unconstitutional and criticizing its choice thereafter "not to correct actions which it knew to be unconstitutional". Id. at p. 7. As previously stated, Lucia applied to ALJs of a different agency, and did not resolve whether it applied to ALJs of the Social Security Administration.

Plaintiff has raised the issue of the unconstitutional appointment of the ALJ that heard his case but failed to inform the Court in his motion for attorney's fees whether he complied with the Lucia directive at the administrative level, to wit, whether he made a timely constitutional challenge. Plaintiff did raise this issue in his brief arguing for remand (which was prior to the Carr decision) and admitted that he did not challenge the ALJ's appointment at the administrative level. (Docket No. 29, p. 28-29).[2] Giving Plaintiff the benefit of the doubt and assuming the Lucia decision applied to Social Security ALJs, because Plaintiff failed to raise an Appointments Clause challenge in the proceedings below, this alone is sufficient to defeat his claim.

The Court, however, finds that the Lucia holding was not sufficiently clear, and that it was not until Carr that the subject of exhaustion was specifically applied to Social Security ALJs. The ambiguity of Lucia's application to Social Security Administration ALJs is evident, as in 2020 the Third Circuit held that Social Security claimants need not exhaust Appointments Clause challenges administratively to preserve them on appeal. See Cirko ex rel. Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020). Lucia muddied the waters regarding its applicability to Social Security ALJs.

---

[2] Contrary to Lucia, Plaintiff opted instead to argue that he did not forfeit this issue by not raising it administratively because the First Circuit had not yet addressed this issue and some courts in this district held a claimant did not waive this type of claim even if not previously raised. Plaintiff conveniently takes the position that Lucia applies to the unconstitutionality of the ALJs, but not the waiver.

Case 3:19-cv-02003-CVR   Document 46   Filed 08/11/21   Page 7 of 10

Miguel A. Torres v. Commissioner of Social Security
Opinion and Order
Civil 19-2003 (CVR)
Page 7
_____

The Court additionally notes that before and even after <u>Cirko</u>, most district courts across the country held that exhaustion at the administrative level was necessary prior to bringing the constitutional claim on appeal, and that failure to do so would result in waiver of the claim.  See <u>Griffin v. Comm'r of Soc. Sec.</u>, No. 18-cv-85, 2020 WL 733886, at *10 (N.D. Iowa Feb. 13, 2020)(collecting cases), and <u>Brito v. Saul,</u> No. CV 19-2160, 2020 WL 3498099, at *2 (E.D. Pa. June 29, 2020)(collecting cases).  <u>Cirko</u> did little to change this at the district level, and it was precisely in the <u>Carr</u> decision that the Circuit split was later resolved.³

Further complicating matters, the First Circuit did not take a position as to this issue.  Prior to <u>Carr</u>, at least two of the district courts in the First Circuit sided with the Commissioner's view and held that failure to raise this issue below resulted in waiver.  See <u>Myers v. Comm'r of Soc. Sec.</u>, 450 F. Supp. 3d 92, 102 (D. Mass. 2020) (collecting cases) ("The Court joins other courts in this Circuit in concluding that Myers had waived his Appointments Clause argument by failing to present it during the administrative process"). The District of Maine likewise held an Appointments Clause challenge was waived if not raised at the administrative level.  See <u>Christy A. L. v. Saul</u>, Civil No. 18-00260, 2019 WL 2524776, at *3 (D. Me. June 19, 2019), adopted, 2019 WL 3459227 (D. Me. July 30, 2019) ("The vast majority of [United States district] courts recently have ruled that a social security claimant may not raise an appointments clause challenge for the first time upon appeal to a federal court…. I recommend that the court adopt this reasoning and reject the plaintiff's request for remand on this basis.")

---

³ The Eighth and Tenth Circuits found Appointments Clause challenges were waived if not raised below.  The Third, Fourth, and Sixth Circuits found the opposite, that they were not waived. The First Circuit made no ruling on this issue.

Finally, as the District of Massachusetts candidly held in Myers, prior to Carr the First Circuit had narrowly applied no-waiver approaches in the Social Security appeal process. See Myers, 450 F. Supp. 3d 103. Though "[t]he impact of a no-waiver approach at the Appeals Council level is relatively mild[,] at the ALJ level it could cause havoc, severely undermining the administrative process." Id., (*quoting* Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001)). For many years, the First Circuit held fast to its holding in Mills, finding "no intention of extending this [no-waiver] rule … to the failure of an applicant to raise an issue at the ALJ level." Id., 244 F.3d at 8.

Under these circumstances, the Court would be hard pressed to find that the Social Security Administration acted in an unjustified manner in the instant case. In reaching this conclusion, the Court considered that Plaintiff failed to raise this matter at the administrative level as required by Lucia, the lack of clarity as to the applicability of the Lucia holding, the number of district courts siding with the Commissioner's view, the Circuits' split, and the First Circuit's silence.

Regarding the Commissioner's position as to the merits of the claims, the Court likewise finds it was substantially justified. As is well known, the Commissioner's conclusions must be upheld by the Court if they are supported by substantial evidence, that is "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortíz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (*quoting* Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). The threshold for such evidentiary sufficiency is not high. Substantial evidence, the Supreme Court has said, is "more than a mere scintilla."

Case 3:19-cv-02003-CVR   Document 46   Filed 08/11/21   Page 9 of 10

Miguel A. Torres v. Commissioner of Social Security
Opinion and Order
Civil 19-2003 (CVR)
Page 9
_____

Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)(*quoting* Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217 (1938)).

The ALJ considered that most treatment records showed that Plaintiff's mental condition was stable with continued prescription medication and few adjustments thereto. Normal or average mental status findings were made by Plaintiff's psychiatrist regarding grooming, behavior, cooperation, and affect, with logical and relevant thought process and no delusions. (Tr. pp. 214, 241-242, 244, 247, 273-74, 292, 330, and 1158). The consulting psychiatrist gave Plaintiff a reserved prognosis but concluded he could manage his funds. (Tr. p. 285). The ALJ also noted that the record showed that Plaintiff was able to care for his personal needs, go out, drive short distances, and got along well with his family. (Tr. pp. 49, 168-169). Plaintiff additionally admitted that he left his last job after 30 years due to retirement and not on account of his mental condition. (Tr. p. 43). The above suffices at this stage to comply with the substantial justification required under the law, without going into detail into the record and the full merits of the case.

Based on the foregoing, the Court finds the Commissioner has shown that her litigation position was substantially justified in the present case and had a reasonable basis in law and fact. See also Pierce, 487 U.S. at 569 (finding that the Commissioner can take a position that is "substantially justified" even where the Commissioner does not prevail on the merits).

## CONCLUSION

For the reasons enumerated above, Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket No. 38) is DENIED.

IT IS SO ORDERED.

Case 3:19-cv-02003-CVR   Document 46   Filed 08/11/21   Page 10 of 10

Miguel A. Torres v. Commissioner of Social Security
Opinion and Order
Civil 19-2003 (CVR)
Page 10
_____

In San Juan, Puerto Rico, on this 11th day of August 2021.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ RIVE
                                        UNITED STATES MAGISTRATE JUDGE